UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ANGEL JEAN MELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Docket No. _____ |
| ) | |
| PAUL V. PURCELL and MADISON ) | |
| CONTRACT CARRIERS LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Angel Jean Melton (hereinafter: the "Plaintiff"), by and through her counsel of record, Henry S. Queener and Nancy R. Steer of Queener Law, and files this Complaint for personal injuries sustained as a result of an injury received at the hand of the Defendants as follows:

### I. PARTIES

1. The Plaintiff is a resident and citizen of Williamson County, Tennessee.

2. Defendant Paul V. Purcell is a resident and citizen of Dane County, Wisconsin, and at all times relevant to this Complaint, was the sole member of Defendant Madison Contract Carriers LLC and the operator of the 2005 Kenworth tractor-trailer involved in the accident which is the subject of this lawsuit. Paul V. Purcell may be served with service of process at 5200 Blazingstar Lane, Fitchburg, WI 53711-7621.

3. At all times relevant to this Complaint, Defendant Madison Contract Carriers LLC was the registered owner or lessee of the 2005 Kenworth tractor-trailer driven by its owner and/or agent, Paul V. Purcell, and is therefore a proper party to this action by virtue of Tenn. Code Ann. § 55-10-312.

4. At all times relevant to this Complaint, Defendant Madison Contract Carriers LLC (hereinafter: "Defendant Madison Contract") was a duly-authorized, foreign corporation with a principal place of business located at 5200 Blazingstar Lane, Fitchburg, WI 53711-7621. At all times relevant to this Complaint, the registered agent for service of process for Defendant Madison Contract Carriers LLC was Paul V. Purcell, 5200 Blazingstar Lane, Fitchburg, WI 53711-7621.

5. On or about April 30, 2018, Defendant Madison Contract Carriers LLC was dissolved as a limited liability company in the State of Wisconsin.

6. Defendant Madison Contract Carriers LLC's blanket company for service of process is Truck Process Agents of America, Inc., whose agent for service of process in the State of Tennessee is Lisa Blackwell, 1477 Joppa Road, Walling Tennessee, 38587.

## II. JURISDICTION AND VENUE

7. Plaintiff's cause of action arises in tort under and by virtue of the laws of the State of Tennessee for the damages she sustained as a result of an automobile collision on or about September 2, 2015, in Davidson County, Tennessee.

8. A lawsuit arising out of the subject accident was originally and timely filed on August 30, 2016, in the Fifth Circuit Court for the Twentieth Judicial District, Davidson County, styled <u>Angel Jean Melton v. Paul V. Purcell and Madison</u>

2

Case 3:19-cv-00109   Document 1   Filed 01/31/19   Page 2 of 8 PageID #: 2

Contract Carriers, LCC, Docket No. 16C2319.

9. This original lawsuit was voluntarily dismissed in an "Order of Voluntary Dismissal" entered by the Fifth Circuit Court for the Twentieth Judicial District, Davidson County, on October 10, 2018.

10. Subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332.

11. Venue for a trial on the merits in the United States District Court for the Middle District of Tennessee is proper because the Defendant's conduct which constitutes the basis for the instant dispute occurred in Davidson County, State of Tennessee. Therefore, both jurisdiction and venue have been properly established in this Court.

### III. FACTUAL ALLEGATIONS

12. At all times relevant to this Complaint on September 2, 2015, the Plaintiff was operating her vehicle and traveling in a safe and prudent manner westbound on Interstate 24 near Mile Marker 47 in Davidson County, Tennessee.

13. At all times relevant to this Complaint and upon information and belief, Defendant Paul V. Purcell (hereinafter: "Defendant Purcell"), the owner and agent of Defendant Madison Contract Carriers LLC (hereinafter: "Defendant Madison Contract") was operating his vehicle behind the Plaintiff on Interstate 24 in Davidson County, Tennessee.

14. At all times relevant to this Complaint and upon information and belief, Defendant Purcell was operating the subject vehicle in the course and scope of his employment with Defendant Madison Contract.

15. At all times relevant to this Complaint and upon information and belief, Defendant Purcell was operating the subject vehicle owned or leased by Defendant Madison Contract for Defendant Madison Contract's business purpose.

16. At all times relevant to this Complaint and upon information and belief, Defendant Madison Contract was the principal of the agent, Defendant Purcell.

17. At all times relevant to this Complaint and upon information and belief, Defendant Purcell was the agent of the principal, Defendant Madison Contract.

18. At all times relevant to this Complaint, Defendant Purcell was operating Defendant Madison Contract's vehicle on Interstate 24 with the express knowledge, consent, and permission of Defendant Madison Contract.

19. The vehicle of Defendant Purcell was traveling behind the vehicle of the Plaintiff.

20. The front of Defendant Purcell's vehicle struck the rear of the Plaintiff's vehicle.

21. This caused a collision between the two vehicles and serious personal injury to the Plaintiff.

22. The view of the traffic and roadway in front of Defendant Purcell was not obstructed.

23. Defendant Purcell had enough time and distance to stop before his vehicle made contact with the Plaintiff's vehicle.

24. Defendant Purcell did not stop before the front of his vehicle came in contact with the back of the Plaintiff's vehicle.

25. As a direct and proximate result of said collision, the Plaintiff has suffered serious personal injury and damages.

## IV. DEFENDANTS' ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

26. Plaintiff avers that Defendant Purcell and Defendant Madison Contract, to whom negligence is imputed, were guilty of the following acts of common law negligence, in that they failed to:

    a. maintain the vehicle under proper and reasonable control;

    b. maintain a proper lookout for other vehicles on the roadway;

    c. operate the vehicle at an appropriate speed for the existing conditions;

    d. bring the vehicle under control and to stop when there was sufficient time and distance to do so before striking the Plaintiff's vehicle;

    e. drive in a reasonable and prudent manner with regard for the control of the vehicle and traffic conditions on the roadway;

    f. see that which was there to be seen and take proper action with respect thereto.

27. Plaintiff avers that Defendant Purcell and Defendant Madison Contract, to whom negligence is imputed, were negligent in violating the following statutes of the State of Tennessee which were in full force and effect at the time and place of the collision, constituting *negligence per se*:

    a. Following the plaintiff vehicle more closely than was reasonable and prudent considering the speed of his vehicle and that of the plaintiff's vehicle in violation of Tenn. Code Ann. § 55-8-124.

    b. Failed to exercise due care in violation of Tenn. Code Ann. § 55-8-136.

28. The Plaintiff avers that Defendant Purcell and Defendant Madison Contract, to whom negligence is imputed, were negligent in violating the following ordinances

of Metropolitan Nashville/Davidson County which were in full force and effect at the time and place of the collision, constituting **negligence per se**:

a. Metropolitan D12.52.120 Driver responsibilities.

b. Metropolitan D12.68.170 Careless driving.

## V. CAUSATION

29. Plaintiff avers that the Defendants owed a duty of safe, careful, and lawful driving to Plaintiff, but that they breached that duty and were negligent on the date of the collision. The negligence of the Defendants, as set forth above, directly and proximately caused the collision, which resulted in injuries to Plaintiff and caused the damages and losses here sought by the Plaintiff.

30. As a direct and proximate result of the negligence of the Defendants, the Plaintiff suffered serious, disabling, painful, and permanent bodily injuries, causing the Plaintiff to become liable for medical and other expenses and to suffer an impairment to her body.

## VI. INJURIES AND DAMAGES

31. As a direct and proximate result of the Defendants' negligence, the Plaintiff alleges that she is entitled to damages, including but not limited to, the following specific items of damages:

a. Physical pain, both past and future;

b. Emotional suffering and grief, both past and future;

c. Health care expenses, both past and future;

d. Loss of enjoyment of life;

e. Permanent impairment and partial disability;

  f.  Property damage;

  g.  Loss of earning capacity;

  h.  Costs of this cause; and

  i.  All other general damages and other relief allowed under the laws of the State of Tennessee to which she may be entitled.

32. As a direct and proximate result of the negligence of the Defendants, the Plaintiff incurred medical expenses.

## VII. RELIEF SOUGHT

**WHEREFORE, PLAINTIFF PRAYS:**

1. For a judgment against the Defendants for compensatory damages, in an amount to be determined, for the personal injury and disability suffered by the Plaintiff as a proximate result of the Defendants' negligence.

2. For cost of this matter to be taxed to the Defendants.

3. For such other, further, and general relief to which she may be entitled under the law

Respectfully submitted,

QUEENER LAW

_/s/ Nancy R. Steer_____
HENRY S. QUEENER
BPR # 021249
NANCY R. STEER
BPR # 033562
213 5TH AVE. N., SUITE 200
NASHVILLE, TN 37219
PHONE (615) 933-9000
FAX (615) 732-1531
HQUEENER@QUEENERLAW.COM
NSTEER@QUEENERLAW.COM

ATTORNEYS FOR THE PLAINTIFF